## Lavielle v. Erpeldinger's Executors.

(Decided February 1, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas, Fourth Division).

1. Landlord and Tenant—Lessee Can Obligate Himself to Pay Taxes by Special Agreement.—Although lessee generally is not liable for taxes, unless by special agreement, he can obligate himself to pay them.

2. Landlord and Tenant—Lessee Held Liable for Taxes Under Extension Contract Expressly Adopting Original Lease Requiring Payment by Lessee.—Where original contract of lease provided for payment of taxes by lessee, and subsequent extension contract expressly provided that original contract should remain in effect as modified, lessee is liable for taxes, although no reference was made thereto in extension contract.

FURLONG & WOODBURY for appellant.

HENRY THIEMANN, JR., THOMAS A. BARKER and OSCAR O. BADER for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing.

On the 15th of September, 1903, the trustees under the will of William R. Ray leased to F. Erpeldinger the property at 247-251 on the east side of Fourth street in Louisville, known as the Vienna restaurant, for a period of fifteen years, with the privilege of five years' extension on the same terms, the consideration being the agreement of the lessee to pay a rental of $4,000.00 per annum; to pay all city, state and county taxes and all other assessments that might be levied or chargeable against the property and to keep the property insured for $14,000.00 in a good and solvent insurance company for the term covered by the lease, the policy to be made payable to the lessor, "such taxes and assessments to be paid by the lessee for not more than 15 years in all, if this lease shall continue in force only that long, and in no event for more then twenty years in all, if this lease shall be extended and continued in force for twenty years."

On the 23rd of July, 1919, the then owners of this property and the lessee agreed on an extension of the lease for a period of ten years beyond the twenty year

term, this to expire October 15, 1933. In this agreement the lessee agreed to make permanent improvements on the property to the extent of $5,000.00 or $6,000.00; to pay an increased rental of $1,000.00 per annum, or $5,000.-00 per annum, after the expiration of the 20 year period; to keep the roof in repair and also to keep the property insured in the name of the lessors for the sum of $14,000.-00, there being some slight changes in the liabilities of the parties in the event of fire. No reference was made in this contract to taxes, but it was provided in the fifth paragraph of the contract that, "it is expressly understood and agreed that said original lease dated the 8th day of September, 1903, shall be and remain in full force and effect, except only as the same is modified and altered by this agreement."

No question or differences arose between the parties during the period of the twenty year lease, it apparently being the custom of the lessors to pay the city taxes for each year, during the month of January and thereby secure a discount and later to collect this tax from the lessee along with the rent, and this practice was followed in 1924 without objection.

Mr. Erpeldinger died during that year. In January, 1925, the lessors again paid the city taxes amounting to $963.00, within the discount period and demanded payment of that sum from Erpeldinger's executors, which was refused, on the ground that the contract did not provide for the payment of taxes by the lessee during the ten years' extension. Thereupon the lessors sued the executors of the lessee to collect such taxes, setting out all of the facts above stated in the petition as amended. The lower court sustained a demurrer to the petition and amended petition, and the lessors appeal, the only question involved being the construction of the rental contracts. It is elementary that as a general rule the lessee is not liable for taxes unless by special agreement, but it is equally well established that he can obligate himself to pay them. Here the original contract provided for the payment of all kinds of taxes, including assessments, and the fifth clause of the extension contract of July 23, 1909, expressly provided that "the original lease . . . shall be and remain in full force and effect except only as the same is modified and altered by this agreement." This agreement made no reference whatever to taxes and cannot be said to have altered or modified the original

lease in that respect, hence it is reasonably clear that the parties intended to continue in force the original provision for the payment of taxes. However, as the original lease provided that the taxes and assessments were not to be paid by the lessee "for more than fifteen years in all, if that lease should continue for only that long and for not more than twenty years if it should be extended and continued for twenty years," it is argued that this was a direct limitation upon the time the lessee should be liable for taxes. We do not so regard it. It is clear that in the original contract it was intended for the lessee to be liable for the taxes during the period of the lease, which in that instrument was limited to twenty years, and the quoted phrase merely emphasized the idea that this liability would not extend beyond the life of the lease. By leaving that provision unchanged in the extension contract, it is equally clear that the parties intended for the lessee to pay such taxes during the life of the extension lease. This is somewhat strengthened by the contemporaneous construction given to the contract by the parties themselves, as it appears that Mr. Erpeldinger paid the 1924 taxes without comment. It is argued, however, that this arose from a change in the assessment period and that the 1924 payment was in the discharge of the 1923 taxes. This point is not made clear; but leaving out the question of the 1924 payment of taxes we think such is the proper construction of the contracts.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.